UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
JOSEPH FRANCIS NOONE IV,      )
JOSEPH CHARLES NOONE,         )
DUSTIN MICHAEL NOONE, and     )
CHRISTOPHER PATRICK NOONE,    )
        Plaintiffs            )
                              )
                    v.        )   C.A. NO. 12-CV-30206-MAP
                              )
TOWN OF PALMER,               )
MASSACHUSETTS LAND COURT,     )
CHARLES T. BLANCHARD,         )
BEVERLY MORIN-LIZAK,          )
LAWRENCE M. JASAK, MICHAEL    )
H. BURNS, PAUL NOWICKI,       )
DEBORAH J. PATTERSON, and     )
PETER A. BROWN,               )
        Defendants            )
```

MEMORANDUM AND ORDER REGARDING
REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANTS' MOTIONS TO DISMISS
(Dkt. Nos. 23, 27, 43, 44 & 45)

February 26, 2014

PONSOR, U.S.D.J.

This action is brought, pro se, by the executor and heirs of the estate of Joseph Francis Noone IV against the Town of Palmer; the Massachusetts Land Court; Charles T. Blanchard, the Town Manager of Palmer; Palmer Tax Assessors

Beverly Morin-Lizak, Lawrence M. Jasak, Michael H. Burns, and Paul Nowicki; Deborah J. Patterson, the Recorder of the Massachusetts Land Court; and Peter A. Brown, an attorney who represented the Town of Palmer during the land court proceedings.

The case arises out of a tax title foreclosure proceeding in Massachusetts Land Court, in which Plaintiffs argued that because the decedent held a "land patent" on his property, no taxes were due.  While the proceeding was pending, Plaintiffs purported to "remove" the case to this court.  On March 22, 2013, the land court entered judgment in the tax lien action in favor of the Town of Palmer.

After some preliminary proceedings in this court, all Defendants filed motions to dismiss.  These motions were referred to Magistrate Judge Kenneth P. Neiman for a report and recommendation.  On February 3, 2014, Judge Neiman issued his recommendation to the effect that all the motions should be allowed.  Timely objections from Plaintiffs followed.

Judge Neiman's careful work makes extended discussion of the issues raised by the motions to dismiss unnecessary.

Case 3:12-cv-30206-MAP Document 51 Filed 02/26/14 Page 3 of 4

The fact is that this is precisely the kind of case that 28 U.S.C. § 1341 was designed to forestall.  The principle of comity between federal courts and state governments embodied in section 1341 bars a federal court from entertaining actions for damages or declaratory judgments that depend on challenges to state tax systems.  (Report and Recommendation (R&R) at 13 (citing Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 103, 116 (1981)), Dkt. No. 47.)

Many people are unhappy at being taxed.  The rule is therefore straightforward: challenges to state or local tax systems must proceed through state court.  Here, as Judge Neiman found, the state court mechanism for challenging the tax was perfectly adequate, and Plaintiffs were free to pursue their appeal of the land court's decision through the normal state court appellate process.  (R&R at 15, Dkt. No. 47.)

In addition to the statutory bar under section 1341, it is clear that the land court's decision has preclusive effect on any complaint filed in this court.  Because the section 1341 bar is so clear, and the preclusive impact of the land court ruling so manifest, the court need not

evaluate Defendants' assertion that the complaint should be dismissed for failure to state a claim.

For the foregoing reasons, upon de novo, review this court hereby adopts the Report and Recommendation of Magistrate Judge Neiman (Dkt. No. 47). The motions to dismiss (Dkt. Nos. 23, 27, 43, 44, and 45) are hereby ALLOWED. The clerk will enter judgment for Defendants. This case may now be closed.

It is so ordered.

    /s/ Michael A. Ponsor
    MICHAEL A. PONSOR
    U. S. District Judge